# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:09-CV-P390-H

**WARDELL COLEMAN**                                                                                    **PETITIONER**

**v.**

**U.S. MARSHAL**                                                                                             **RESPONDENT**

## MEMORANDUM OPINION

Petitioner, Wardell Coleman, filed this *pro se* action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus (DN 1). He asserts in his petition that the United States Marshal has lodged an illegal detainer against him because the United States District Court document signed by the late Judge Gordon in 1973 shows that his federal sentence was to be concurrent to his state sentence and has therefore been completed. Respondent has answered, and Petitioner has filed a reply. The matter being ripe, the Court will dismiss the petition for the following reasons.

From Respondent's response and the attachments thereto, the following history of events related to this case can be discerned. On October 10, 1973, this Court sentenced Petitioner to 25 years in prison. The judgment, signed by Judge Gordon, does not state that Petitioner's sentence would run concurrent with any state sentence. On December 3, 1973, the State of Indiana sentenced Petitioner to 30 years for kidnapping, 30 years for armed robbery, 14 years for assault with intent to kill, and five years for automobile banditry. Petitioner did not begin serving his federal sentence until April 2, 1991, when the Bureau of Prisons (BOP) received Petitioner from Indiana on a detainer filed with the State of Indiana. On August 11, 1992, Petitioner had a United States Parole Commission hearing at which he contended that he should be given federal-sentence credit for the time he served in Indiana on his state sentences. The parole panel

responded that BOP's sentence computation showed that his federal sentence did not begin until April 1991.[1] Petitioner was paroled to the detainer on August 31, 1999, to remain under parole until April 1, 2016, but he was incarcerated in Tennessee state custody from August 31 to December 13, 1999, and in Kentucky state custody from December 13, 1999, to June 1, 2005. Petitioner did not report for federal parole supervision after his release from Kentucky's custody even though the probation office sent letters to Petitioner and the two custodial states informing of his obligation to do so. The probation officer informed the Parole Commission that Petitioner was arrested in Louisville in November 2007, and on January 10, 2008, the Commission issued a parole-violator warrant for Petitioner with instructions to place the warrant as a detainer if Petitioner was in custody.

Petitioner's reply is extremely difficult to follow. He appears to argue that he served three years at Allenwood FCI and "the prison at Pennsylvania" and that he also served a year at FCI Perkins and another year at FCI Memphis. He does not appear to continue to contend that his federal sentence was supposed to be concurrent with his state sentence. He offers no coherent reason why, as evidenced by Respondent's response and the attachments thereto, the detainer is not appropriate given his failure to report for federal parole supervision after his release from Kentucky's custody even though the probation office sent letters to Petitioner and the two custodial states informing of his obligation.

This Court previously rejected Petitioner's argument, raised in a 28 U.S.C. § 2255

---

[1] The Initial Hearing Summary, which Respondent attaches, states: "Subject was insistent at today's hearing that he should be given credit on the federal sentence for all of the time he spent in the custody of the state of Indiana. However, he was advised that the federal sentence has been computed from the time he came into federal custody in 4/91."

motion, that he should receive credit on his federal sentence while in state custody, and the Sixth Circuit affirmed. As the Sixth Circuit stated in *Coleman v. United States*, No. 94-5127, 1994 WL 573917, at *1 (6th Cir. 1994), "[n]either the transcript of sentencing nor the judgment and commitment reflect an intention by the district court that Coleman's federal sentence be served concurrently with any subsequent state sentence." The Sixth Circuit explained further: "The sentencing statute applicable to offenses committed before November 1, 1987, directs that the sentence of a person convicted of a federal offense 'shall commence to run from the date on which such person is received at the penitentiary, reformatory or jail for service of such sentence.'" *Id.* (citing 18 U.S.C. § 3568; *Thomas v. Whalen*, 962 F.2d 358, 359 (4th Cir. 1992)). The Sixth Circuit concluded that "[b]ecause Coleman was not received into federal custody until March, 1991, he is not entitled to credit for time spent in state custody prior to that time."

Thus, there is no support for Petitioner's argument in his petition that the federal detainer is illegal because his federal sentence was served out concurrent with his state sentence.

**CERTIFICATE OF APPEALABILITY**

An individual who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

3

debatable or wrong." *Slack*, 529 U.S. at 484.

The Court finds that reasonable jurists would not debate or find erroneous this Court's assessment of Petitioner's constitutional claims. Thus, no certificate of appealability is warranted in this case.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:




cc: Petitioner, *pro se*
      Counsel of record

4412.009